968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas Ronsworth BROOKS, Defendant-Appellant.
 No. 91-5184.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 29, 1992
Decided: July 10, 1992
 
 William C. Ingram, Floyd, Allen & Jacobs, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before ERVIN, Chief Judge, and RUSSELL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thomas Brooks was convicted by a jury of one count of conspiracy to possess cocaine with intent to distribute and to use minors to possess cocaine with intent to distribute (21 U.S.C.ss 846, 845(b) (1988)) and of one count of possessing cocaine with intent to distribute (21 U.S.C. § 841 (1988)). He appeals his conviction and the sentence imposed. We affirm.
 
 
 2
 The government's evidence at trial showed that, while still in high school, Brooks began working part-time at a business owned by Phillip Barksdale, who was obtaining cocaine several kilograms at a time from Los Angeles and Philadelphia for distribution in Danville, Virginia. Brooks soon began assisting Barksdale in the drug business. In the course of the conspiracy, Barksdale employed two young women as couriers; both testified at Brooks' trial. Shanta Chandler told how, after Barksdale fired her for stealing cocaine in August 1988 she bought $25 bags of cocaine from Brooks on many occasions.
 
 
 3
 Chandler's successor, Robin Morton, testified that Brooks drove to Philadelphia in 1989 with her and Barksdale; three kilograms of cocaine were purchased on that trip. Brooks accompanied Barksdale in meeting Morton at the airport on one occasion in 1989 when she returned from Los Angeles with two kilograms of cocaine. Brooks also took her to the airport in August and September 1990 and gave her between $35,000 and $50,000 to be used to buy two kilograms of cocaine in Los Angeles. Barksdale's girlfriend testified that Brooks spent the night at their house at times, carried a beeper like Barksdale, and would go out with Barksdale or alone to make drug deliveries when a customer called.
 
 
 4
 After Morton and Barksdale were arrested at the airport on February 8, 1991, Barksdale called Brooks several times from jail. Following Barksdale's instructions, Brooks drove Chandler to the house of one of Barksdale's former girlfriends, where Barksdale spoke to Chandler by phone about what she should say if questioned. Brooks later repeated Barksdale's instructions to her. Again following Barksdale's directions, Brooks drove co-conspirator Doug Harris, accompanied by Barksdale's uncle, to Greensboro where he had been called to testify before a grand jury.
 
 
 5
 Brooks contends in this appeal that the district court erred in denying his Fed. R. Crim. P. 29 motion for acquittal as to Count Two, which charged possession with intent to distribute on February 8, 1991, the day Morton and Barksdale were arrested at the Greensboro airport with two kilograms of cocaine. He argues that there was no evidence that he was still a member of the conspiracy on that date. We agree with the district court that, given the evidence of his participation in the conspiracy shortly before that time, Brooks's continued membership in the conspiracy could be presumed unless he presented evidence that he had withdrawn from it. United States v. Urbanik, 801 F.2d 692, 696-97 (4th Cir. 1986). He did not. There was thus sufficient evidence of his constructive possession of the two kilograms on February 8, 1991, for a jury to find him guilty under Pinkerton v. United States, 328 U.S. 640 (1946), and the motion for acquittal was properly denied.
 
 
 6
 Brooks argued at sentencing that he had a minor role in the offense because he entered after it was ongoing and was less culpable than other defendants. He requested a reduction in offense level, which the district court denied, finding that he was one of the more active members of the conspiracy. We find no clear error in this determination, United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989), given the variety of functions Brooks performed within the conspiracy over a number of years.
 
 
 7
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED